United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Ex Parte* Application of Soyeon Kim, Applicant. | Case No.  24-mc-80178-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO AUTHORIZE FOREIGN DISCOVERY**<br><br>[Re: ECF No. 1] |

On July 16, 2024, Applicant Soyeon Kim ("Applicant") field an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from Google LLC ("Google") in connection with a legal action in the Republic of Korea. *See* ECF No. 1 ("App."). For the reasons set forth below, the Court GRANTS Applicant's application.

**I.      BACKGROUND**

The following facts are taken from Applicant's *ex parte* application. *See* App. Applicant has been an attorney licensed to practice law in the Republic of Korea since 2016 and is the Managing Partner at the Law Office of Will. *Id.* at 1. Applicant is located in Daejeon, Republic of Korea. *Id.*

An anonymous individual using a YouTube channel named "Saemaul TV for Kim Soyeon" published more than two hundred videos that severely insulted and falsely defamed Applicant, her paralegals and staff, and her family members. *Id.*  at 2. Applicant alleges that those videos make "false, evil, and malicious" statements and accusations that damaged Applicant's legal practice and the operations of her law firm and caused severe mental and psychological distress to herself and

United States District Court
Northern District of California

1

her daughter. ECF No. 1-1 ("Kim Decl.") ¶¶ 8-24.

2

3

4

5

6

7

8

9

On May 23, 2024, Applicant brought a civil lawsuit against the anonymous individual in the Daejeon District Court in the Republic of Korea, under Articles 750 and 751 of the Civil Act of the Republic of Korea, which pertain to portrait rights infringement, defamatory torts, and business interference. Kim Decl. ¶ 25; App. at 4; ECF No. 1-2 ("Chong Decl.") ¶¶ 7-11. But because the true identity of the anonymous individual is unknown, service cannot be completed, and the lawsuit cannot proceed. Chong Decl. ¶¶ 15-17. Consequently, Applicant seeks to subpoena Google to obtain the identity of the anonymous individual. *See id.*; *see also* App. at Ex. A (subpoena). The subpoena requests information associated with the identified account and any associated accounts, including any names, dates of birth, addresses, e-mail addresses, telephone numbers, and banking information. *See* App. at Ex. A.

10

11

12

13

14

Applicant filed an *ex parte* application asking this Court to authorize the service of the subpoena on Google. App. at 1.

15

## II.   LEGAL STANDARD

16

17

Section 1782 provides, in relevant part:

18

19

20

21

22

23

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

24

25

26

27

28 U.S.C. § 1782(a). The statute's purpose is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found'

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *See id.* at 260–61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252. Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at \*2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness

of granting the application ex parte." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at \*2 (N.D. Cal. Mar. 24, 2016).

### III.   DISCUSSION

#### A.   Statutory Requirements

Applicant's request satisfies the requirements of Section 1782. First, the statute requires that Respondent be found in the district. A business entity is "found" in the judicial district where it is incorporated or headquartered. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at \*3 (N.D. Cal. Feb. 19, 2020) (collecting cases). Google is headquartered in Mountain View, California. *See* Chong Decl. ¶ 6. Mountain View, California is within this district, so this requirement is met.

Second, the discovery must be for use in a proceeding in a foreign tribunal. For a proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259. Here, a civil lawsuit under Korean law is pending, and Applicant has declared her intention to proceed with the lawsuit once the anonymous individual is identified. Kim Decl. ¶¶ 26-28; Chong Decl. ¶¶ 7-15.

Third, an application under Section 1782 must be brought by an "interested person." A litigant in a foreign proceeding is an "interested person" for purposes of Section 1782. *Intel*, 542 U.S. at 256–57. As the plaintiff in the pending Korean lawsuit, Applicant qualifies as an "interested person." *See* Chong Decl. ¶ 7.

#### B.   Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

##### 1.   Respondent is not a participant in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports

United States District Court
Northern District of California

obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Google will not be a party or participant in the Korean lawsuit; the only defendant would be the anonymous individual. Chong Decl. ¶ 18. This factor therefore weighs in favor of granting the application.

### 2.     Korean courts are receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4.

Applicant has submitted a declaration from its attorney, who is admitted to practice law in Korea, that asserts that Korean courts are receptive to assistance in discovery by U.S. federal courts. Chong Decl. ¶¶ 19-20. The Court is not aware of any directive from the Republic of Korea against the use of Section 1782 evidence. *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects.") (citations omitted) (internal quotations omitted). And Applicant's attorney, who is licensed to practice law in the Republic of Korea, is not aware of any restrictions or policies under Korean law that would limit judicial assistance for the purposes stated herein and in the Application. Chong Decl. ¶¶ 19-20. Indeed, Courts in this district have previously granted Section 1782 discovery for use in proceedings in Korean courts. *See, e.g., In re Request for Judicial*

United States District Court
Northern District of California

*Assistance from Seoul Central District Court in Seoul, Republic of South Korea*, Case No. 23-mc-800016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023); *In re Starship Entertainment Co., Ltd.*, Case No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May 24, 2023); Therefore, this factor weighs in favor of granting discovery.

### 3.      There is no circumvention of foreign discovery procedures.

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).

Here, as Applicant's Attorney stated in his declaration, there is no reason to believe that Applicant is seeking to circumvent Korean evidence laws. *See* Chong Decl. ¶ 19. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### 4.      The request is not unduly burdensome or intrusive.

Finally, the last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The subpoena seeks information from Google about the anonymous individual. The subpoena appears to be narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendant, and courts have found that requests seeking similar information were not unduly intrusive or burdensome. *See* Chong Decl. ¶ 26; *see also In re Starship Ent. Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 5520772, at *1, 3 (N.D. Cal. Aug. 25, 2023); *Med. Corp. Seishinkai v. Google LLC*, Case No. 22-mc-80282-EJD, 2023 WL 3726499, at *4 (N.D. Cal. May 30, 2023). To the extent Respondent asserts that any of the information sought by Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or the parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-

mc-80215-WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to Respondents).

**IV.     ORDER**

     For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a).

     **IT IS SO ORDERED.**

Dated:  September 4, 2024

_____
BETH LABSON FREEMAN
United States District Judge

7